■ VERMUND H. TENDAL et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 46027.) — Judgment unanimously modified on the law and facts to the extent of increasing the amount of the award to $56,182, and as modified affirmed, without costs. Certain findings of fact disapproved and reversed and new findings made. Memorandum: Claimants were awarded $38,360 for the entire taking of their property. Their expert testified, and the trial court properly found, that the highest and best use for all of the property was commercial. However, the State's expert arrived at a land value by appraising the property as four residential lots. In this circumstance, his testimony should have been disregarded and the land value fixed by claimants' witness — $32,690 — accepted. In fixing the value of the improvements the trial court adopted the figure arrived at by only one of the three approaches employed by the State's expert. This figure was lower than the final valuation determined by this witness based upon the three approaches, i.e., market data approach, cost approach and economic approach. We find the value of the improvements to be $25,500. It is conceded that claimants removed certain items from the improvements which had been included in the valuations. The sum of $2,008 was properly deducted from the valuation of the improvements on account of these items in arriving at the award, which should be modified by increasing it to $56,182. (Appeal from judgment of Court of Claims in action for damages for permanent appropriation.) Present — Bastow, J. P., Goldman, Del Vecchio, Witmer and Henry, JJ.

■ MICHAEL C. FRUSHONE, by His Father MICHAEL S. FRUSHONE, et al., Appellants, v. MAURINE JULIANO, Respondent.— Judgment unanimously reversed on the law and facts and new trial granted, with costs to appellants to abide the event. Memorandum: This action to recover damages for the alleged negligence of defendant was brought by a husband, his wife, and their infant son. An automobile owned by the husband but operated by the wife in his absence with the five-year-old son as the sole passenger was struck by defendant's car. The verdict of the jury in favor of defendant was against the weight of the credible evidence. The Frushone vehicle was proceeding in a southerly direction on a public street. Defendant's car was driven out of a private driveway and the operator attempted to make a left turn to proceed in the same direction as the Frushone vehicle that was approaching from defendant's right. The failure of respondent to yield the right of way to Mrs. Frushone was a plain violation of section 1143 of the Vehicle and Traffic Law and the proximate cause of the accident. It is reasonably clear that the jury was confused and failed to understand the court's instructions. In view of the negligence of defendant it is impossible to reconcile the findings implicit in the verdict that the five-year-old infant plaintiff and his father (an absentee owner seeking recovery for damages to his automobile) were contributorily negligent. (Appeal from judgment of Erie Trial Term dismissing complaint in automobile negligence action.) Present — Bastow, J. P., Goldman, Del Vecchio, Witmer and Henry, JJ.