■ STEPHEN NEW et al., Respondents, v. ROBERT H. CORTRIGHT et al., Appellants.— *Per Curiam.* Appeals by defendants from a judgment of the Supreme Court entered upon verdicts in favor of plaintiffs in a negligence action brought to recover for personal injuries and property damage sustained by plaintiffs when their automobile, proceeding southerly in a city street intersection, was in collision with defendant Cortright's automobile, which was then proceeding westerly in the intersection after failing to stop in obedience to a stop sign governing westbound traffic at the intersection; defendant Cortright testifying that he did not observe the sign because it was obscured by his codefendants' truck, then parked or standing, allegedly in violation of section 1202 of the Vehicle and Traffic Law, within 20 feet of the crosswalk at the intersection and within 30 feet of the stop sign. In charging that proven violations of the particular provisions of the Vehicle and Traffic Law read to the jury would constitute negligence, the trial court did not in each instance add that it would have to be shown, before plaintiffs could recover on the basis of any such violation, that the violation was a proximate cause of the accident. However, none of the parties excepted nor did either of them, by request or otherwise, call attention to the apparent inadvertence at a time when the omissions could have been corrected. Further, the necessity of proof of proximate cause as predicative of any recovery was repeatedly stressed; first, at the outset of the charge; then, after a definition of negligence; again, on stating plaintiffs' contentions that the defendants' acts were proximate causes of the accident; again, on stating the factors necessary to a recovery; and finally, and in detail, at the conclusion of the charge, in outlining the possible alternative verdicts. In general, the charge was clear and comprehensive and there is no indication that it did or could give rise to any confusion in the minds of the jurors. Contrary to the contentions of the truck owner and its operator, the court properly and correctly submitted to the jury as questions of fact the issues respecting compliance with section 1202, governing parking and standing, and the permissive provisions of subdivision (c) of section 1200, as to stopping or standing to unload merchandise; and the jury's determination of these issues was warranted by the evidence. We find no error in the admission of photographs, taken when plaintiff Patricia New was in the hospital and depicting the lacerations and sutures upon her face. They were not inflammatory; and, unlike the photographs in *Garcia* v. *City of New York* (23 A D 2d 734), cited by appellants, they contributed to the presentation and understanding of the medical evidence. Appellants except to certain remarks of plaintiffs' counsel, in the course of the trial and in summation; and it is true that on at least two occasions he did exceed somewhat the bounds of fair advocacy; but in each instance the Trial Judge was quick with a proper admonition and instruction, and we find no prejudice of any substance. The verdict of $27,500 for the personal injuries of Patricia New was liberal but not so large as to be shocking and thus legally excessive. Plaintiff, a registered nurse, was 23 years old at the time of the accident. She sustained extensive facial lacerations, requiring 122 sutures in the course of seven hours' surgery, during which she was conscious and for part of the time without anesthesia. Several permanent scars remain. Scars on the inside of her upper lip catch on her teeth. She testified to other elements of permanent damage and to relatively modest special damages. Judgment

affirmed, with one bill of costs to respondents.  Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum *Per Curiam.*