■ ALPHONSE J. D'ANGELO et al., Appellants, v ALEX McKENDRY, Respondent.—In a negligence action to recover damages for personal and property injuries, etc., (1) plaintiff Alphonse J. D'Angelo appeals from so much of a judgment of the Supreme Court, Nassau County, entered May 8, 1974, as is in favor of defendant against him, upon a jury verdict on his personal injury claims and upon the trial court's dismissal of his property injury cause without objection, and (2) plaintiff Rose D'Angelo appeals, on the ground of inadequacy, from so much of the same judgment as is in her favor against defendant upon a jury verdict of $5,000. Upon the appeal by plaintiff Rose D'Angelo, judgment modified, on the law and in the interests of justice, by deleting from the first decretal paragraph, which is in favor of said plaintiff, all the verbiage setting forth the amount of her recovery, including interest and costs, and the provision for execution, and substituting therefor a provision that the judgment in her favor is limited to the issues of liability and that she is granted a new trial by jury on the issue of damages alone, provided, however, that she shall (1) furnish defendant with a supplemental bill of particulars and copies of any further medical reports, if made, by physicians who will testify for her at the new trial and (2) submit to a physical examination by a physician to be designated by defendant. As so modified, judgment as to said plaintiff affirmed insofar as appealed from. No questions of fact were presented on the appeal by said plaintiff. Upon the appeal by plaintiff Alphonse J. D'Angelo, judgment reversed insofar as appealed from, on the facts and in the interests of justice, and new trial by jury granted on said plaintiff's cause of action for his personal injuries, which new trial shall proceed initially on the issue only of his contributory negligence, and then, if that is determined in his favor, on the issue of his damages, for his personal injuries and for his cause of action for medical expenses, etc., for the other plaintiffs. The new trials shall be had together, the costs of the appeals shall abide the event of the new trials, and the actions of appellants are severed from those of the infant plaintiffs. We find that the special verdict that both defendant and plaintiff Alphonse J. D'Angelo were negligent in the operation of their respective automobiles was against the weight of the evidence insofar as the alleged contributory negligence of this plaintiff is concerned. There should be a new

trial as to him in which the liability aspect will be tried solely on the issue of whether he was contributorily negligent. The accident occurred in the northbound lane of traffic in which plaintiff Alphonse J. D'Angelo's automobile was proceeding on a two-lane two-way street. Defendant had proceeded from a private driveway on Mr. D'Angelo's left and had momentarily stopped, facing east, in the southbound lane behind a line of several southbound cars to his right which were stopped for a red traffic light. Defendant's vehicle would therefore be at least partially hidden from the view of the operator of a northbound vehicle. Even if it were seen by a northbound operator, he would reasonably expect that defendant would not suddenly start up from his stopped position and proceed into the northbound lane just as he, the northbound operator, was about to pass that point. Defendant testified that after he proceeded easterly into the southbound lane and stopped, he looked to the south for more than 300 feet and observed no vehicle proceeding north and that only then did he continue easterly into the northbound lane where he was struck. Clearly, he did not see what he should have seen. Just as clearly, Mr. D'Angelo would have had every reason to believe that defendant did see him and would wait until his (D'Angelo's) vehicle passed before proceeding easterly into the northerly lane. An off-duty police officer had stopped north of the private driveway exit and was in a perfect position to see the accident and its antecedents. His testimony, in no way shaken on cross-examination, was that he had seen the D'Angelo vehicle proceeding north at a moderate speed and that defendant had proceeded easterly from the private driveway, stopped in the southerly lane directly in front of him and "all of a sudden he shot out and at that point the other car was right there." On this evidence, the special verdict to the effect that plaintiff Alphonse J. D'Angelo was contributorily negligent was against the weight of the evidence (see Vehicle and Traffic Law, § 1143; cf. Frushone v Juliano, 29 AD2d 833). During the trial, plaintiffs' counsel moved to amend the bill of particulars as to the injuries of plaintiff Rose D'Angelo (wife of plaintiff Alphonse J. D'Angelo and a passenger in his car) to allege permanency of one of the injuries ("sprain of the back") stated in the bill of particulars. The bill had been served five and a half months after the accident; while not alleging permanency of any of the listed injuries, it stated, "Since plaintiff's injuries were sustained on May 9th 1971, it is difficult to predict the precise sequellae of her injuries". It listed "present complaints", none of which were referable to a back injury. Thereafter, on March 2, 1972, she was examined by Dr. Potenza, an orthopedic specialist, who submitted a report dated March 21, 1972 to her attorney. It stated that she "was in acute distress. She had a spastic scoliosis of her spine with a list to the left side * * *. The lumbosacral area was very tender and had severe muscle spasm. * * * There was a positive left sciatic nerve stretch test. * * * The patient had a severe limitation of motion of her lumbar and lumbosacral spine." Although this report was duly forwarded to defendant's counsel, plaintiffs did not serve (or move for leave to serve) an amended bill of particulars to allege permanency of injury. Not until the third day of the trial, when defendant's counsel objected to Dr. Potenza's testimony relating to the condition of the lower back subsequent to his March 2, 1972 examination, did plaintiffs' counsel move to amend the bill of particulars and, on a proposed offer of proof, to conform the pleadings (i.e., the bill of particulars) to the proposed proof. These motions were denied by the trial court. Further, after the charge in chief, the court, on request of defendant's counsel, additionally charged that the jury could not consider present or future injury to the lower back. Mrs. D'Angelo had

suffered various injuries in addition to that of her lower back, including a deep laceration of the left knee requiring 25 sutures, as well as a laceration of the right leg requiring three sutures. The jury rendered a verdict for her in the sum of $5,000. Plaintiffs moved to set it aside as inadequate, and claim on this appeal that it was based on the charge to the jury to the effect that there was to be no consideration of injury to the lower back beyond the date of Dr. Potenza's examination. In view of the fact that defendant, long before the trial, had received Dr. Potenza's report showing the serious nature of Mrs. D'Angelo's low back injury, and in the interests of justice, we deem it proper that Mrs. D'Angelo have a new trial on the sole issue of damages. The new trial should be conditioned, however, upon her furnishing defendant with a supplemental bill of particulars and copies of further medical reports and upon her submitting to a physical examination, all as hereinabove provided. Gulotta, P. J., Rabin, Martuscello, Latham and Christ, JJ., concur.