■ JAMES D. KIELY, Respondent, v KATHLEEN H. MILLER et al., Appellants, et al., Defendants.—Appeal from a judgment of the Supreme Court, entered May 13, 1977 in Tompkins County, upon a verdict rendered at a Trial Term, in favor of the plaintiff. On January 29, 1973, the plaintiff was operating his Mustang automobile in a generally westerly direction near the hamlet of Dryden when it was struck head-on by a Mercury station wagon owned by the defendant Ithaca Journal News, Inc., and operated by the defendant Miller. As a result of this accident, plaintiff commenced suit for personal injuries against the above-named defendants and the jury rendered its verdict awarding $40,000 in damages against Miller and the Ithaca Journal News, Inc., and found no cause for action in favor of the defendants Gilhooley, Padget and McNerny Chevrolet Co., Inc. The appellants appeal from the judgment upon the sole ground that the verdict in favor of the plaintiff was excessive. We do not agree. So well established are the principles that an appellate court should not disturb a verdict in a personal injury action absent irregularity, bias, unfairness or inadequate consideration of the testimony and that it should not substitute its judgment on the issue of damages for that of the jury unless the amount is so excessive as to shock our conscience that the citation of authority is unnecessary. The medical evidence establishes that this plaintiff, 22 years old at the time of the accident, suffered a herniated disc as a result thereof. It further demonstrates that the injury was a competent producing cause of pain which the plaintiff testified had been continuous since the accident. Moreover, the medical testimony indicates that the plaintiff's condition will worsen in the future with a 50-50 chance that surgery will be required. Perusal of this record clearly indicates that the trial was a fair one, unaffected by any improper influence and the injury was a serious one and permanent in nature. The verdict in no way shocks our conscience and should be affirmed. Judgment affirmed, with costs against the appellants. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.