■ ADELE F. MILLER, Individually and as Mother and Natural Guardian of RICHARD R. VOLPE, an Infant, Respondent-Appellant, v GEORGE CATTABIANI, JR., Appellant-Respondent. —Main, J. P. Cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered March 22, 1985 in Scho-

harie County, upon a verdict rendered at Trial Term (Prior, Jr., J.).

Late in the afternoon of April 18, 1982, 15-year-old Richard R. Volpe (the infant) was riding a small motorbike in his neighbor's field which adjoined lands owned by defendant's father, George Cattabiani, Sr., in the Town of Jefferson, Schoharie County. At the same time, defendant and a friend were squirrel hunting on the Cattabiani property. When a bird rose in flight ahead of him, defendant fired at it with his .22-caliber rifle. Unfortunately, the projectile came to rest in the left buttock of the infant. As a result, the infant was hospitalized for some 15 days, during which time exploratory surgery was performed, and forced to walk with crutches for two weeks after his discharge from the hospital.

Sometime following this incident, plaintiff, the infant's mother, commenced this action, based upon defendant's gross negligence and recklessness, seeking compensatory and punitive damages on behalf of the infant for personal injuries. Additionally, on her derivative claim, plaintiff sought damages for the medical expenses incurred by her and for the loss of the infant's services. Before the case was submitted to the jury, the claim for punitive damages was dismissed and, at the conclusion of the trial, plaintiff was awarded the sum of $35,000, plus medical expenses of $3,849.91, for a total of $38,849.91. The infant was awarded the sum of $150,000 on his personal injury claim. On appeal, defendant seeks reversal and a new trial, contending that the comments of plaintiff's counsel in his summation and during the trial were so improper and prejudicial as to warrant such relief. Defendant contends, moreover, that both verdicts were clearly excessive. Defendant also challenges the order denying his motion to set the verdicts aside. Plaintiff has cross-appealed from the dismissal of the claim for punitive damages and prays that, in the event this court disturbs the verdict to the extent of directing that a new trial be held, the claim be reinstated.

We first direct our attention to the cross appeal and find it to be without merit. While allowance of punitive damages is usually a matter within the jury's discretion, recovery of such damages is limited to those cases where the defendant has been shown either to have been motivated by actual malice or to have acted in such a reckless, wanton or criminal manner that it can fairly be said that his conduct evidences a conscious disregard of the rights of others (see, Welch v Mr. Christmas, 57 NY2d 143, 150; Soucy v Greyhound Corp., 27 AD2d 112, 113). No such showing was made here. The evi-

dence establishes that defendant's view of the area where the infant was riding was largely obscured by trees and shrubs. Defendant claims, and there is no evidence to indicate otherwise, that he never saw the infant until after the unfortunate event and that he had shot at a bird. Even if defendant's conduct may have amounted to gross negligence, it did not rise to the level of showing a conscious disregard of the rights of others and was not so extreme under the circumstances as to be of a reckless or criminal nature. The claim for punitive damages was, therefore, properly dismissed.

Turning now to defendant's contentions, we are unpersuaded that plaintiff's counsel's conduct warrants reversal. While it is possible that the statement of plaintiff's attorney in his summation was a reference to insurance, it was so vague that it did not suggest that defendant was actually insured. His other remarks and comments during the trial, while uncalled for and beyond the bounds of fair advocacy, created no prejudice of any substance (cf. New v Cortright, 32 AD2d 576).

However, defendant's claim that the verdicts are excessive has merit. The damages awarded in the derivative action are clearly excessive, and shockingly so. The services rendered by the infant were not shown to be special or extraordinary but, rather, quite ordinary for a young teen-ager. This court, several years ago, found a $9,000 award for loss of services in a very similar factual pattern to be excessive (Pratt v Susquehanna Val. Cent. School Dist., 62 AD2d 1118). There is, therefore, no justification for the award on the derivative claim.

We reach a similar conclusion as to the infant's personal injury verdict. The medical testimony indicates that the infant was hospitalized for a period of 15 days, underwent surgery, was confined to his home for approximately two weeks and used crutches for two weeks after being discharged from the hospital. The surgery performed was not corrective surgery but was only for the purpose of exploring the wounded area for the presence of infection as a possible cause of the infant's elevated temperature. No infection was found and the fever was later attributed to a viral or flu-like infection. The bullet was not removed because "there was no purpose in removing it" and "it was not irritating any vital structure", according to the infant's attending physician. An examination conducted more than a year after the accident revealed that there was "no reoccurrence of severe pain, [and] only minimal tingling in the area of sciatic nerve". No vascular or neurological

deficiencies or limitation of motion of any kind were present. The infant testified that he has continued to have pain in the buttocks area, particularly after standing or sitting for extended periods of time and after exercising, and that the pain increases in intensity as the day wears on. His doctor testified that the pain would probably be permanent. The infant and plaintiff testified that the infant walks with a limp. The record reveals that, in the fall and winter immediately following the incident, the infant played on his high school basketball team. After consideration of all of the relevant factors *(see, Turner v Miller,* 61 AD2d 856, 857; *see also, Riddle v Memorial Hosp.,* 43 AD2d 750, 751), we conclude that the award was so disproportionate to the injury that it is not within reasonable bounds *(see, Dufur v Lavin,* 101 AD2d 319, *affd* 65 NY2d 830; *see also, Alber v Stevens* 78 AD2d 722).

Hence, the judgment should be reversed and a new trial granted with respect to the issue of damages only unless plaintiff shall stipulate to a reduction of the verdict in her favor from $38,849.91 to $18,849.91 and in favor of the infant from $150,000 to $100,000.

Judgment modified, on the law and the facts, and a new trial ordered with respect to the issue of damages only, unless, within 20 days after service of a copy of the order to be entered upon this decision, plaintiff shall stipulate to reduce the amount of the verdict in her favor to $18,849.91 and shall also stipulate to reduce the amount of the verdict rendered in favor of Richard R. Volpe to $100,000, in which event, the judgment, as so reduced, is affirmed, without costs. Main, J. P., Casey and Harvey, JJ., concur.

Mikoll and Yesawich, Jr., JJ., concur in part and dissent in part in a memorandum by Mikoll, J. Mikoll, J. (concurring in part and dissenting in part). We concur with the majority's statement modifying the award to plaintiff, Adele Miller.

As to the issue of excessiveness of verdict as to the infant, it is to be noted that damages are peculiarly within the province of the jury and our intercession should not occur unless the amount is so excessive or inadequate as to shock the conscience of the court *(see, Kiely v Miller,* 67 AD2d 778). We cannot say that the judgment is excessive as to the amount awarded to the infant.

Defendant shot the infant in the left buttock while shooting at a bird. The infant was hospitalized for 15 days, undergoing an operation to cleanse the wound. He was confined to his home for another two weeks. A .22-caliber rifle bullet remains

intact in his body. There is a 2½-inch scar on the infant's buttock. He used crutches for a one-month period after the accident. The infant contends that he suffered and continues to suffer persistent pain from his injuries, takes prescribed medication for pain, walks with a limp and is no longer a viable candidate for the military because of his injuries. The infant's physician stated that the bullet caused injury to his muscles and that there is permanent irritation to some of the nerves in his buttock with probable irritation to his sciatic nerve. The infant's injuries are permanent and he will always have pain after exertion or long periods of standing. Under these circumstances, we conclude that the verdict awarded to the infant was not excessive and should be affirmed.