■ PAUL J. HORN, Respondent, v VIOLA T. McCURDY, Appellant, and LYNNE M. BROOKS, Respondent, et al., Defendant.— Levine, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered November 22, 1989 in Albany County, which granted defendant Lynne M. Brooks' motion for summary judgment and denied defendant Viola T. McCurdy's cross motion for summary judgment.

The facts of this case are essentially undisputed. In the early evening of January 19, 1984, a car accident occurred in the northbound lane of South Manning Boulevard in the City of Albany. The accident was caused by icy road conditions.

Brian Mudar, a police officer for the City of Albany, arrived at the scene of the accident and prepared a report. A car driven by defendant Lynne M. Brooks was disabled as a result of the accident and was moved to a position next to the right curb. Mudar was still at the scene approximately 45 minutes after the accident when he observed a car driven by defendant Viola T. McCurdy traveling in the northbound lane, followed by plaintiff's vehicle. As McCurdy's car reached the Brooks vehicle, McCurdy applied her brakes and the car slowed until it came to a standstill alongside the Brooks vehicle. Plaintiff was unable to stop and struck McCurdy's vehicle first and then the Brooks car.

Plaintiff commenced this action to recover for injuries allegedly sustained in the accident. Following joinder of issue and pretrial discovery, Brooks moved for summary judgment dismissing the complaint and cross claims against her. McCurdy cross-moved for summary judgment in her favor. Supreme Court granted Brooks' motion based upon the undisputed evidence that the Brooks vehicle did not obstruct the roadway and there was adequate room for cars to pass without difficulty. McCurdy's motion was denied on the ground that issues of fact existed as to her role in causing the accident. This appeal by McCurdy ensued.

There should be an affirmance. Brooks' motion was properly granted based upon Mudar's testimony that the vehicle was legally parked beside the right-hand curb leaving ample room for cars to pass by. Mudar also testified that he observed several cars travel past the Brooks vehicle without difficulty. This testimony was uncontroverted as McCurdy herself testified that Brooks' vehicle "was as close as possible" to the curb and that nothing obstructed the lane of travel to the left of the parked vehicle. In addition, no factual issue was raised concerning the visibility of the Brooks vehicle in light of the unchallenged testimony of Mudar that the area was illuminated by street lights and the fact that Mudar's police car was parked nearby with its rooftop rotating lights on. Moreover, the testimony of both McCurdy and plaintiff indicated that they saw the parked vehicle as soon as they reached the crest of a hill approximately 100 feet from the vehicle. Thus, McCurdy and plaintiff failed to adduce evidence sufficient to raise a factual issue that the location of the Brooks vehicle contributed to the accident in question.

In our view, the denial of McCurdy's cross motion was also proper. Whether McCurdy's actions in coming to a complete stop alongside the Brooks vehicle caused the accident with

plaintiff and constituted negligence are factual issues for a jury to determine *(see, Myers v Fir Cab Corp.,* 64 NY2d 806, 808; *Ugarizza v Schmieder,* 46 NY2d 471, 474).

Order affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.