■ JEAN CAMPBELL, Respondent, v JAMES T. WALTZ et al., Defendants, and KEVIN R. SWARTHOUT et al., Appellants. [622 NYS2d 173] —Order unanimously reversed on the law without costs, motion granted and complaint against defendants Kevin R. Swarthout and B.E. Wright, Inc., dismissed. Memorandum: Plaintiff commenced this action to recover damages for injuries she suffered when the vehicle she was driving collided with another vehicle as she drove onto the highway from a parking lot. Plaintiff sued the driver of the other vehicle, the owner of the store adjacent to the parking lot, the driver of a truck that was parked in front of the store on the paved shoulder of the highway and the owner of the truck. She asserted that the truck was parked on the highway in violation of Vehicle and Traffic Law § 1200 (c), § 1201 (a) and § 1202 (a) (1) (a) and that the driver was negligent in illegally parking the truck on the highway so as to obstruct her view of oncoming traffic. Supreme Court denied the summary judg-

ment motion of defendant Kevin R. Swarthout, the truck driver, and defendant B.E. Wright, Inc., the owner of the truck, concluding that there are factual issues whether the truck was parked in violation of Vehicle and Traffic Law § 1200 (c) and § 1201 (a) and whether the parking of the truck in a manner that obstructed plaintiff's view of oncoming traffic constituted negligence.

Implicit in the court's conclusion that factual issues exist is the determination that the moving defendants sustained their initial burden of establishing entitlement to judgment as a matter of law. We agree that the moving defendants satisfied that burden. Vehicle and Traffic Law § 1200 (c) permits a vehicle to be temporarily stopped for the purpose of delivering merchandise, irrespective of whether the vehicle is parked in violation of section 1201 (cf., New v Cortright, 32 AD2d 576). The evidence submitted by the parties establishes that the truck was temporarily stopped on the shoulder of the highway and that the driver and his assistant were in the process of delivering cases of beer to the store when the accident happened. Because the undisputed proof established that the truck was lawfully stopped for the purpose of delivering merchandise, the moving defendants met their burden of showing that the truck was not illegally parked. Plaintiff's proof of negligence was based solely upon the alleged illegal parking. Because plaintiff failed to raise a factual issue to support her contention that defendant Swarthout was otherwise negligent in parking the truck, the moving defendants were entitled to summary judgment dismissing the complaint against them. (Appeal from Order of Supreme Court, Ontario County, Henry, Jr., J.—Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Callahan and Doerr, JJ.