■ ANDREW CHRISTINA, Individually and as Parent and Natural Guardian of BARRETT CHRISTINA, an Infant, Respondent, v SHIRLEY M. ERBSMEHL, Defendant, and BETTY MILLER, as Executrix of GLENN MILLER, Deceased, et al., Appellants. [649 NYS2d 868] —Order unanimously reversed on the law without costs, motions granted and complaint against defendants Betty Miller, as executrix of estate of Glenn Miller, deceased, and Dorothy and Charles Loeb dismissed. Memorandum: Supreme Court erred in denying the motions of defendants Dorothy and Charles Loeb (Loebs) and Betty Miller, as executrix of the estate of Glenn Miller (Miller), for summary judgment dismissing the complaint against them in this personal injury action. Plaintiff's 16-year-old son, Barrett, sustained injuries when a bicycle he was riding was struck by a car driven by defendant Erbsmehl in the street in front of Miller's house. The complaint alleges that a car and trailer parked on Miller's property constituted a dangerous condition that obstructed the view of Barrett and Erbsmehl. The car and trailer were owned by the Loebs, who were visiting Miller when the accident occurred.

The Loebs and Miller met their initial burden of establishing their entitlement to judgment as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 562). They submitted admissible proof in evidentiary form establishing that Barrett rode his bike into the street from the sidewalk without looking for oncoming traffic and that the Loebs' car and trailer did not obstruct Erbsmehl's view. They also established that the car and trailer were not illegally parked between the street and sidewalk as plaintiff had alleged.

The burden thus shifted to plaintiff, who failed to raise a triable issue of fact (see, Zuckerman v City of New York, supra, at 562-563). Although Barrett testified at his deposition that the car and trailer obstructed his view, he acknowledged that he

rode into the street without looking for traffic. Plaintiff's mere expressions of hope and unsubstantiated assertions are insufficient to defeat the motion for summary judgment (*see, Zuckerman v City of New York, supra,* at 562). (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.