■ PAULA J. PALUMBO et al., Respondents, v ALLAN H. HOLTZER, Appellant. [652 NYS2d 98] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated January 12, 1996, which, after a jury trial on the issue of liability, granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict in favor of the defendant and granted a new trial on that issue.

Ordered that the order is affirmed, with costs.

The credible evidence at trial established that as the defendant was attempting to drive out of a private driveway and proceed eastbound on Long Island Avenue, he struck Paula

Palumbo's vehicle which was proceeding in a westerly direction. In light of the defendant's failure to yield the right of way to Paula Palumbo in violation of Vehicle and Traffic Law § 1143, his admission that his view of oncoming westbound traffic was blocked by the cars parked next to the curb, and evidence that his front left bumper collided with the right rear portion of Paula Palumbo's vehicle, the jury could not have reached its verdict in favor of the defendant on any fair interpretation of the evidence (*see, Martin v Herzog,* 228 NY 164; *Nicastro v Park,* 113 AD2d 129; *D'Angelo v McKendry,* 48 AD2d 826, 827; *Frushone v Juliano,* 29 AD2d 833). The court, therefore, providently exercised its discretion in setting aside the jury verdict on the issue of liability as contrary to the weight of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.