■ SHARON FALKER et al., Respondents, v ROBERT OSTRANDER et al., Defendants, and AGWAY PETROLEUM CORPORA-

TION et al., Appellants. [708 NYS2d 532] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Agway Petroleum Corporation (Agway) and James Williams (defendants) appeal from an order that granted in part their motion for summary judgment, dismissing only the claim for negligent entrustment of a motor vehicle. Defendants contend that Supreme Court should have granted their motion in its entirety and dismissed the complaint against them.

This negligence action arises out of an accident that occurred on a two-lane road in the Town of Batavia. Williams was driving an Agway heating fuel delivery truck in the westbound lane en route to a residential delivery. Defendant Robert Ostrander was driving behind the Agway truck at the point when Williams activated his four-way flashing lights and began to park on the shoulder of the westbound lane in order to effect the delivery. Although Williams pulled the Agway truck as far over onto the shoulder as possible, it was blocking approximately one quarter of the westbound lane. After Williams had pulled onto the shoulder, Ostrander passed on the left and crossed over the center of the road before moving back into the westbound lane. At the same time, Sharon Falker (plaintiff) was traveling in the eastbound lane. When plaintiff saw Ostrander pass the Agway truck, she lost control of her vehicle, struck a snow bank on her side of the road and then careened across the opposite lane and struck the parked Agway truck.

The court erred in denying that part of defendants' motion seeking summary judgment dismissing the complaint insofar as it alleges violations of Vehicle and Traffic Law §§ 1122, 1129 (b); §§ 1146, 1201 (a) and § 1202. None of those sections applies to the conduct of Williams in stopping alongside the road for the purpose of making a fuel delivery. We therefore modify the order accordingly.

The court properly denied defendants' motion with respect to the remaining claims in the complaint. Defendants contend that there are no triable issues of fact concerning the alleged negligence of Williams (for which Agway would be vicariously liable) and whether such alleged negligence caused the injuries sustained by plaintiff. We disagree. "[L]iability for improperly parked vehicles 'is not limited to statutory violations but also applies to circumstances evidencing ordinary negligence' " (*Perry v Pelersi*, 261 AD2d 780, 781, quoting *Boehm v Telfer*, 250 AD2d 975, 976; *cf., Campbell v Waltz*, 212 AD2d 995). Even assuming that defendants met their initial burden, we conclude that plaintiffs raised an issue of fact. Defendants

submitted the deposition testimony of Williams stating that he did not park in the driveway of the subject residence because the hose would not reach the fuel tank from that location. Plaintiffs, however, raised an issue of fact by submitting the affidavit of their expert, who opined that a 150-foot fuel hose originating from the Agway truck would have reached the fuel tank from the driveway at the subject residence.

We have reviewed defendants' remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Genesee County, Rath, Jr., J.—Summary Judgment.) Present—Green, J. P., Hayes, Wisner and Hurlbutt, JJ.