■ LISA FERRARA, Appellant, v RUBEN CASTRO et al., Respondents. [724 NYS2d 81] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), dated January 3, 2001, as denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

The Supreme Court erred in denying the plaintiff's motion for summary judgment on the issue of liability. The defendant

driver exited a driveway and entered into traffic without yielding. This is a "plain violation" of Vehicle and Traffic Law §§ 1143 and 1173 (*Frushone v Juliano,* 29 AD2d 833; *see, Palumbo v Holtzer,* 235 AD2d 409). By entering traffic without yielding as required by law, the defendant driver was negligent as a matter of law in colliding with the plaintiff's automobile, and his negligence was a proximate cause of the accident (*see, Packer v Mirasola,* 256 AD2d 394; *Snow v Howe,* 253 AD2d 870; *Rumanov v Greenblatt,* 251 AD2d 566; *Bolta v Lohan,* 242 AD2d 356).

The defendant's contention that he did not see the plaintiff's approaching car does not excuse his conduct. "[A] driver is negligent where an accident occurs because [he or she] has failed to see that which through the proper use of [his or her] senses [he or she] should have seen" (*Bolta v Lohan, supra,* at 356; *see, Stiles v County of Dutchess,* 278 AD2d 304). As such, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law (*see, Stiles v County of Dutchess, supra; Hudson v Goodwin,* 272 AD2d 296; *Pryor v Reichert,* 265 AD2d 470; *Wolfson v Milillo,* 262 AD2d 636; *Miranda v Devlin,* 260 AD2d 451; *Packer v Mirasola, supra; Snow v Howe, supra; Rumanov v Greenblatt, supra; Bolta v Lohan, supra*). The defendants' speculative and conclusory assertions in opposition to the motion were insufficient to demonstrate the existence of an issue of fact (*see, Stiles v County of Dutchess, supra; Hudson v Goodwin, supra; Pryor v Reichert, supra*). Ritter, J. P., S. Miller, McGinity and Townes, JJ., concur.