■ BRIAN MALONEY, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant and Third-Party Plaintiff-Respondent. ROADWAY CONTRACTING, INC., et al., Third-Party Defendants-Respondents. [736 NYS2d 630] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated October 5, 2000, as granted the defendant's cross motion for leave to renew its prior motion for summary judgment dismissing the complaint, and, upon renewal, granted the motion.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly granted the defendant's cross motion for leave to renew its prior motion for summary judgment dismissing the complaint (*see, Karnes v City of White Plains*, 237 AD2d 574). While a motion for leave to renew generally should be based on newly-discovered facts, the rule is flexible, and a court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, provided the movant offers a reasonable justification for the failure to submit the additional facts on the original motion (*see*, CPLR 2221 [e]; *Morrison v Rosenberg,* 278 AD2d 392).

Upon renewal, the defendant made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidence that all work performed by it or its contractors in the area of the crosswalk had been completed, and all steel plates removed, before the accident. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's speculative assertion that the defendant created the dangerous condition by placing, and then failing to remove, a steel plate in the crosswalk, was without evidentiary foundation (*see, Stern v*

*Incorporated Vil. of Flower Hill,* 278 AD2d 225; *Verdes v Brooklyn Union Gas Co.,* 253 AD2d 552; *Palazzo v City of New Rochelle,* 236 AD2d 528). The plaintiff failed to demonstrate that the prior work performed by the defendant or its contractors was in any way connected to the condition of the crosswalk on the date of the accident (*see, Witte v Incorporated Vil. of Port Washington N.,* 114 AD2d 359). Accordingly, summary judgment dismissing the complaint was properly granted to the defendant.

In light of our determination, we need not address the parties' remaining contentions. Krausman, J.P., Luciano, Adams and Townes, JJ., concur.