■ DANIEL WEISING, Respondent, v FAIRFIELD PROPERTIES et al., Appellants. (And a Third-Party Action.) [774 NYS2d 351]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated February 7, 2003, as, in effect, denied that branch of their cross motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for negligence.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, that branch of the cross motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for negligence is granted, and the complaint is dismissed in its entirety.

On September 24, 1993, the plaintiff, an experienced painter working for Dependable Painters, Inc. (hereinafter Dependable), was painting the exterior of the buildings in a condominium complex owned by the appellant Greentree Estates HOA, Inc. (hereinafter Greentree), and managed by the appellant Fairfield Properties. The plaintiff allegedly fell while traversing the lawn between two of the buildings and injured his wrist.

The plaintiff commenced this action alleging that the appellants negligently allowed the grass to become soggy by failing to turn off the sprinkler system, creating a defective condition that caused his fall. The Supreme Court improperly denied that branch of the cross motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for negligence.

The appellants established their prima facie entitlement to judgment as a matter of law on so much of the complaint as sought to recover damages for negligence by demonstrating that they neither created the condition complained of, nor had either actual or constructive knowledge thereof (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Metling v Punia & Marx*, 303 AD2d 386, 387 [2003]). The deposition testimony of one of Greentree's board members and Dependable's president established that the sprinkler system for the area where the plaintiff fell was turned off more than three weeks before his accident, and was not turned on again until after the accident. There was also testimony from Greentree's board member and Dependable's president that they did not receive any complaints about the wetness of the grass. In opposition, the plaintiff's speculative and conclusory allegations were insufficient to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the cross motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for negligence (*see Skates v City of New York*, 304 AD2d 820 [2003]; *see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Santucci, J.P., Florio, Krausman and Schmidt, JJ., concur.