Glen v Murphy (2004 NY Slip Op 24295)

Glen v Murphy

2004 NY Slip Op 24295 [4 Misc 3d 970]

August 9, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 27, 2004

[*1]
Christopher J. Glen, Plaintiff,
v
Stacy Murphy et al., Defendants. (Action No. 1.)

Stacy Murphy et al., Plaintiffs, v Christopher I. Pekoff, Individually and Doing Business as S&M Concrete, et al., Defendants. (Action No. 2.)
Supreme Court, Nassau County, August 9, 2004

APPEARANCES OF COUNSEL

Picciano & Scahill, P.C., Garden City (Mary B. Corrigan of counsel), for Christopher I. Pekoff, defendant in action No. 2. Hammill, O'Brien, Croutier, Dempsey & Pender, P.C., Mineola (Merle Schrager of counsel), for Commercial Concrete Corp., defendant in action No. 2. Joseph A. Miller, West Sayville, for plaintiff in action No. 1. Levine & Slavit, New York City, for plaintiffs in action No. 2. Martin, Fallon & Mulle, Huntington, for defendants in action No. 1. Abamont & Associates, Westbury, for James G. Glen and another, defendants in action No. 2.

{**4 Misc 3d at 971} OPINION OF THE COURT

Daniel Palmieri, J. 
The motion of defendant Pekoff for summary judgment pursuant to CPLR 3212 on the issue of liability is denied. The cross motion of defendant Commercial Concrete Corp. for [*2]summary judgment pursuant to CPLR 3212 on the issue of liability is granted.
This is an action that arises out of an automobile accident that took place on December 6, 2000 between plaintiff Murphy and defendants Glen. The actions between plaintiff and the Glen defendants have been settled; hence, this motion deals only with defendants Pekoff and Commercial Concrete Corp.
The accident between plaintiff and Glen took place as a result of plaintiff making a left turn from westbound Cliff Lane, which is controlled by a stop sign, onto southbound Newbridge Road. Plaintiff was struck by the Glen vehicle which was traveling northbound on Newbridge. Plaintiff claims that her view of Newbridge was obstructed by a truck that was parked illegally on Newbridge Road. Defendant Pekoff alleges, without contradiction, that as plaintiff was making her turn she was speaking on a cell telephone which she held to her ear with her left hand.
Defendant Pekoff was the owner of a pickup truck which he states was parked on Newbridge Road in front of a residence where he was installing a driveway. Pekoff does not controvert plaintiff's contention that he was parked in a zone that prohibited parking and standing and the evidence submitted indicates that the area in front of the house where Pekoff was working had lines on the shoulder and signs prohibiting stopping at any time.
Not one witness, including the plaintiff, places any cement mixer truck of Commercial at the scene at the moment of the accident. Although a nonparty witness who heard the impact while in her home and came out to investigate and render aid states that she saw a cement mixer in the vicinity of the driveway work area, her observations took place several minutes after {**4 Misc 3d at 972}the impact and she fails to state whether the truck bore any markings of defendant Commercial. None of the witnesses place two trucks at the location.
On a motion for summary judgment the movant must establish his or her cause of action or defense sufficient to warrant a court directing judgment in its favor as a matter of law. (Frank Corp. v Federal Ins. Co., 70 NY2d 966 [1988]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Rebecchi v Whitmore, 172 AD2d 600 [2d Dept 1991].) "The party opposing the motion, on the other hand, must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (Frank Corp. v Federal Ins. Co., supra at 967; GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965 [1985]; Rebecchi v Whitmore, supra at 601). Mere conclusions or unsubstantiated allegations are insufficient to raise a triable issue (Frank Corp. v Federal Ins. Co., supra).
Further, to grant summary judgment, it must clearly appear that no material triable issues of fact are presented. The burden on the court deciding this type of motion is not to resolve issues of fact or determine matters of credibility but merely to determine whether such issues exist (Barr v County of Albany, 50 NY2d 247 [1980]; Daliendo v Johnson, 147 AD2d 312, 317 [2d Dept 1989]). Based on the foregoing, defendant Commercial has demonstrated entitlement to summary judgment but defendant Pekoff has not; thus, this motion must be denied as to defendant Pekoff and granted as to defendant Commercial (Zuckerman v City of New York, 49 NY2d 557 [1980]).
Plaintiff had a duty to see what was to be seen; namely, the Glen vehicle (Stiles v County of Dutchess, 278 AD2d 304 [2d Dept 2000]; Zambrano v Seok, 277 AD2d 312 [2d Dept 2000]; see also Hudson v Goodwin, 272 AD2d 296 [2d Dept 2000]), and a driver is negligent [*3]when an accident occurs because he or she has failed to see that which, through proper use of his or her senses, he or she should have seen. (Breslin v Rudden, 291 AD2d 471 [2d Dept 2002]). In this case issues of fact exist as to whether plaintiff failed to see Glen's approaching vehicle and failed to yield the right-of-way. (Szczotka v Adler, 291 AD2d 444 [2d Dept 2002].)
The plaintiff was required to comply with Vehicle and Traffic Law § 1142 when she made the left turn and, Glen, who had the right-of-way, was entitled to anticipate that the plaintiff would obey the traffic laws which required her to yield (see Cenovski v Lee, 266 AD2d 424 [2d Dept 1999]). Under the doctrine of comparative {**4 Misc 3d at 973}negligence, a driver who lawfully enters an intersection may still be found partially at fault for the failure to use reasonable care to avoid an accident and even if, as defendant contends, plaintiff violated the stop sign and was using a cell telephone, in violation of Vehicle and Traffic Law § 1225-c, under the scenario proffered by plaintiff, a trier of fact could find negligence on the part of Pekoff. (See e.g. Romano v 202 Corp., 305 AD2d 576 [2d Dept 2003]; Hernandez v Bestway Beer & Soda Distrib., 301 AD2d 381 [1st Dept 2003].)
The submissions do not support Pekoff's contention that plaintiff was the only negligent party or that there are no issues of fact as to whether Pekoff was also negligent in the parking of his vehicle. It has been held that a violation of a parking statute is some evidence of negligence which should go to the jury (Murray-Davis v Rapid Armored Corp., 300 AD2d 96 [1st Dept 2002] [double-parked vehicle]), and that "owners of improperly parked cars may be held liable to plaintiffs injured by negligent drivers of other vehicles, depending on the determinations by the trier of fact of the issues of foreseeability and proximate cause unique to the particular case." (Wooster v Soriano, 167 AD2d 233, 233 [1st Dept 1990] [internal quotation marks omitted]; Boehm v Telfer, 250 AD2d 975 [3d Dept 1998].) Further, liability for improperly parked vehicles is not limited to statutory violations but also applies to circumstances evidencing ordinary negligence. (Falker v Ostrander, 272 AD2d 988 [4th Dept 2000].)
Here, there is sufficient evidence of improper parking of the Pekoff truck to raise a question of fact for the jury and it cannot be said, as a matter of law, that such negligence, if any, was not a substantial factor in causing the accident. (Cf. Dormena v Wallace, 282 AD2d 425 [2d Dept 2001].)
Based on the foregoing, the motion of Pekoff for summary judgment is denied and the cross motion by Commercial for summary judgment is granted.