■ MICHELE W. MIKA, Respondent, v JEFFREY M. ELTHORP, et al., Defendants, and STANLEY L. BARBER, Appellant. [794 NYS2d 271]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered January 27, 2004 in a personal injury action. The order, among other things, denied the motion of defendant Stanley L. Barber for summary judgment dismissing the complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion and dismissing the complaint against defendant Stanley L. Barber and as modified the order is affirmed without costs.

Memorandum: According to the sole eyewitness account in this personal injury action, plaintiff was injured when she ran into the street between two illegally parked vehicles and into the side of a moving vehicle. One of the illegal parkers was defendant Stanley L. Barber, whose vehicle was to plaintiff's right as she ran into the street, while the moving vehicle approached from plaintiff's left. Plaintiff nonetheless alleges that her view of the oncoming motorist, and the motorist's view of her, were obstructed by Barber's illegally parked vehicle, thus causing or contributing to her injuries. Because Supreme Court stated in its decision that the motion of Barber for summary judgment dismissing the complaint against him was denied, and did not address Barber's motion in the order appealed from, we construe the order as implicitly denying Barber's motion (*see Matter of Edward V.*, 204 AD2d 1060, 1061 [1994]; *see also Supensky v State of New York*, 2 AD3d 1436, 1437 [2003]; *Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864 [1993]).

The court erred in denying summary judgment to Barber. The record establishes as a matter of law that the position of Barber's illegally parked vehicle could not have obstructed either plaintiff's view of the oncoming vehicle or the oncoming motorist's view of plaintiff (*see generally Christina v Erbsmehl*, 233 AD2d 909 [1996]). Barber thus sustained his initial burden on the motion of demonstrating his entitlement to judgment as a matter of law on the issue of whether his alleged negligence was a proximate cause of plaintiff's injuries (*see Negros v Brown*, 15 AD3d 994, 995 [2005]; *Rucker v Allis*, 288 AD2d 822, 823 [2001]; *Clark v City of Lockport*, 280 AD2d 901, 902 [2001], *lv dismissed in part and denied in part* 96 NY2d 932 [2001]; *Miner*

*v Village of Ilion*, 258 AD2d 967 [1999]). Plaintiff failed to raise a triable question of fact with respect to causation (*see Miner*, 258 AD2d 967 [1999]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Hayes, JJ.