■ Peter D'Andrea et al., Respondents, v City of New York et al., Respondents, and Brooklyn Union Gas et al., Appellants. [801 NYS2d 605]—

In an action to recover damages for personal injuries, etc., the defendants Brooklyn Union Gas and Civetta Cousins, Incorporated, separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated February 26, 2001, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Brooklyn Union Gas and substituting therefor a provision granting that motion; as so modified, the order is affirmed, with one bill of costs to the defendant Brooklyn Union Gas payable by the

plaintiffs and the defendants City of New York, New York City Department of Traffic, and Nazmvil Rohoman and one bill of costs to the respondents appearing separately and filing separate briefs payable by the defendant Civetta Cousins, Incorporated, the complaint and all cross claims are dismissed insofar as asserted against the defendant Brooklyn Union Gas, and the action against the remaining defendants is severed.

This action arises from an accident which occurred at the intersection of 103rd Avenue and 127th Street in Ozone Park, Queens, when a bus owned by the defendant Green Bus Lines and operated by one of its drivers collided with a car owned and operated by the defendant Nazmvil Rohoman (see *Robertson v City of New York*, 21 AD3d 939 [2005] [decided herewith]). The plaintiff Peter D'Andrea, a passenger on the bus, was injured in the collision. Following the accident, the injured plaintiff and his wife commenced this action against the bus company, the bus driver, Rohoman, and City of New York, Brooklyn Union Gas (hereinafter Brooklyn Union), and Civetta Cousins, Incorporated (hereinafter Civetta). The plaintiffs alleged that Brooklyn Union and Civetta negligently placed construction equipment on the southeast corner of the subject intersection, which contributed to the accident by obstructing Rohoman's view of the approaching bus.

After discovery had been conducted, Brooklyn Union and Civetta separately moved for summary judgment, claiming that they were not performing work at the subject intersection on the day of the accident, and did not own the construction equipment that had allegedly obstructed Rohoman's view. The Supreme Court denied the motions, finding, inter alia, that there were issues of fact as to whether Brooklyn Union and Civetta owned the construction equipment. We modify.

Brooklyn Union sustained its burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof that it was not performing work in the vicinity of the subject intersection on the date of the accident and that it did not own the construction equipment that may have obstructed Rohoman's view (see *Robertson v City of New York*, 21 AD3d 939 [2005] [decided herewith]; *Shvartsberg v City of New York*, 19 AD3d 578 [2005]; *Weising v Fairfield Props.*, 6 AD3d 427 [2004]; *Maloney v Consolidated Edison Co. of N.Y.*, 290 AD2d 540 [2002]). The evidence that the plaintiffs and the codefendants submitted in opposition to the motion was insufficient to raise an issue of fact as to whether Brooklyn Union owned the construction equipment claimed to have obstructed Rohoman's view, or whether any other negligence on Brooklyn Union's part

contributed to the accident (*see Robertson v City of New York, supra; Weising v Fairfield Props., supra; Maloney v Consolidated Edison Co. of N.Y., supra; Verdes v Brooklyn Union Gas Co.*, 253 AD2d 552 [1998]).

However, the Supreme Court properly denied Civetta's motion for summary judgment. Although Civetta also sustained its initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidence indicating, inter alia, that it was not working at the intersection of 103rd Avenue and 127th Street on the day of the accident, in opposition to the motion, the plaintiffs and the codefendants offered evidentiary proof that Civetta was engaged in a project to install a new water line on 103rd Avenue on the day of the accident. The plaintiffs and the codefendants also offered proof that, in connection with the water line project, Civetta utilized some of the same items of construction equipment which allegedly obstructed Rohoman's view. Under these circumstances, a triable issue of fact exists as to whether Civetta owned the construction equipment that may have obstructed Rohoman's view of the intersection. Krausman, J.P., Mastro, Spolzino and Fisher, JJ., concur.