■ Barbara Goddard, Respondent, v City of New York et al., Respondents, and Brooklyn Union Gas, Appellant. [801 NYS2d 342]—

In an action to recover damages for personal injuries, the defendant Brooklyn Union Gas appeals from an order of the Supreme Court, Queens County (Flug, J.), dated March 22, 2001, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The defendant Brooklyn Union Gas (hereinafter Brooklyn Union) sustained its burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof that it was not performing work in the vicinity of the subject intersection on the date of the accident and that it did not own the construction equipment that allegedly contributed to the accident by obstructing a driver's view of oncoming traffic (see Robertson v City of New York, 21 AD3d 939 [2005] [decided herewith]). The evidence submitted by the plaintiffs and the codefendants in opposition to the motion was insufficient to raise a triable issue of fact as to whether Brooklyn Union owned the construction equipment claimed to have obstructed the driver's view, or whether any other negligence on Brooklyn Union's part contributed to the accident (see Robertson v City of New York, supra). Krausman, J.P., Mastro, Spolzino and Fisher, JJ., concur.