■ CLARETHA ROBERTSON, Respondent, v CITY OF NEW YORK et al., Respondents, and BROOKLYN UNION GAS COMPANY, Appellant. [801 NYS2d 75]—

In an action to recover damages for personal injuries, the de-

fendant Brooklyn Union Gas Company appeals from an order of the Supreme Court, Queens County (Flug, J.), dated January 30, 2001, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On the afternoon of May 17, 1995, a bus owned by the defendant Green Bus Lines, Inc., and operated by one of its drivers collided with a car owned and operated by the defendant Nazmuil Rohoman at the intersection of 103rd Avenue and 127th Street in Ozone Park, Queens. Rohoman, who was driving west on 103rd Avenue when the accident occurred, claims that his view of the approaching bus was obstructed by construction equipment at or near the southeast corner of the intersection. Rohoman also claims that he observed at least two Brooklyn Union Gas Company (hereinafter Brooklyn Union) vehicles parked in the vicinity of the accident site on 103rd Avenue between 127th and 128th Streets. The plaintiff, Claretha Robertson, a passenger on the bus, subsequently commenced this action against the bus company, the bus driver, Rohoman, Brooklyn Union, the City of New York, and a contractor that had been hired by the City to install a water line on 103rd Avenue.

After discovery had been conducted, Brooklyn Union moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In support of the motion, Brooklyn Union submitted evidence that it was not performing any work at or near the subject intersection on the date of the accident and did not own the construction equipment which had allegedly obstructed Rohoman's view. Although Brooklyn Union acknowledged that Rohoman had testified at a deposition that he saw the Brooklyn Union vehicles parked on 103rd Avenue between 127th and 128th Streets, it argued that there was no evidence that these vehicles had obstructed Rohoman's view of the intersection. The plaintiff and the defendants Rohoman and the City of New York opposed the motion, contending that Rohoman's deposition testimony raised an issue of fact as to whether Brooklyn Union was responsible for the construction equipment which had obstructed Rohoman's view of the intersection. The Supreme Court denied Brooklyn Union's motion, concluding that triable issues of fact existed as to whether Brooklyn Union vehicles and/or equipment were present at the

subject intersection, and whether the vehicles and/or equipment had obstructed Rohoman's view of the intersection.

On appeal, Brooklyn Union contends that the Supreme Court erred in denying its motion for summary judgment because it established that it did not create the alleged hazardous condition which contributed to the accident. We agree. Brooklyn Union sustained its burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof that it was not performing work in the vicinity of the subject intersection on the date of the accident and that it did not own the construction equipment that may have obstructed Rohoman's view (*see Shvartsberg v City of New York*, 19 AD3d 578 [2005]; *Weising v Fairfield Props.*, 6 AD3d 427 [2004]; *Maloney v Consolidated Edison Co. of N.Y.*, 290 AD2d 540 [2002]). The respondents' speculation that Brooklyn Union may have owned the construction equipment present at the intersection because its vehicles allegedly were in the vicinity of the accident site was insufficient to raise a triable issue in this regard (*see Weising v Fairfield Props., supra; Maloney v Consolidated Edison Co. of N.Y., supra; Verdes v Brooklyn Union Gas Co.*, 253 AD2d 552 [1998]). The record also establishes, as a matter of law, that the Brooklyn Union vehicles that were allegedly parked near the intersection were not a proximate cause of the accident. Although the owner of an improperly parked vehicle that obstructs the view of an intersection may be held liable to those injured by negligent drivers of other vehicles (*see Sieredzinski v McElroy*, 303 AD2d 575 [2003]; *Jordan v Aviles*, 288 AD2d 347 [2001]; *Falker v Ostrander*, 272 AD2d 988 [2000]), here, Rohoman testified at a deposition that his view of the intersection was blocked by certain construction equipment, and not by the Brooklyn Union vehicles. Accordingly, the presence of the Brooklyn Union vehicles near the intersection did not provide a basis for the imposition of liability against Brooklyn Union (*see Mika v Elthorp*, 17 AD3d 1140 [2005]; *Sorrentino v Wild*, 224 AD2d 607 [1996]; *Horn v McCurdy*, 163 AD2d 663 [1990]). Krausman, J.P., Mastro, Spolzino and Fisher, JJ., concur.