■ Stacy L. Rak, Appellant, v Ken R. Kossakowski et al., Respondents. [807 NYS2d 500]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered July 29, 2004 in a personal injury action. The order, inter alia, granted the motion of defendant Ken R. Kossakowski for summary judgment dismissing the complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries that she allegedly sustained in a motor vehicle accident in the Town of West Seneca. The accident occurred when a vehicle driven by defendant Ken R. Kossakowski struck the driver's side of plaintiff's vehicle while plaintiff was attempting to make a left turn onto Orchard Park Road from a parking lot. According to plaintiff, her view of Kossakowski's oncoming vehicle was completely obstructed by a truck owned by defendant Joseph Stephan that was parked several car lengths from the driveway of the parking lot at issue.

We conclude that Supreme Court properly granted the motion of Kossakowski for summary judgment dismissing the complaint against him. Kossakowski met his burden by establishing that he was driving within the speed limit, that he did not have time to avoid the collision, and that plaintiff was entering the roadway from a parking lot (*see* Vehicle and Traffic Law § 1143; *Palumbo v Holtzer*, 235 AD2d 409 [1997]), and plaintiff failed to raise a triable issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Kos-

sakowski was "entitled to anticipate that other vehicles [would] obey the traffic laws that require them to yield" (*Namisnak v Martin,* 244 AD2d 258, 260 [1997]; *see Kelsey v Degan,* 266 AD2d 843 [1999]).

We further conclude that the court properly granted the motion of Stephan for summary judgment dismissing the complaint and "all cross claims" against him. Stephan met his burden by establishing that his truck was legally parked outside the lane of travel and did not obstruct vehicular traffic (*cf. Falker v Ostrander,* 272 AD2d 988, 989-990 [2000]), and plaintiff failed to raise a triable issue of fact whether Stephan was otherwise negligent (*see Campbell v Waltz,* 212 AD2d 995, 996 [1995]). Present—Hurlbutt, J.P., Scudder, Gorski, Smith and Lawton, JJ.