■ RYAN DOYLE, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [983 NYS2d 824]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated May 1, 2013, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The Supreme Court erred in denying the plaintiff's motion for summary judgment on the issue of liability. In support of his motion, the plaintiff established his prima facie entitlement to judgment as a matter of law. The plaintiff demonstrated that the defendant Bertha Brooks, while driving a bus in Brooklyn, made a right turn from Livingston Street onto Boerum Place, a four-lane road. As she made the turn, Brooks diagonally crossed three lanes of traffic on Boerum Place into the far left lane, in violation of Vehicle and Traffic Law §§ 1160 (a) and 1128 (a), which caused the plaintiff's vehicle to collide with the bus. The plaintiff submitted his own affidavit, a New York City Transit Authority accident report, containing a diagram of the accident scene prepared on the date of the incident by its supervisory employee who saw the location of the bus around the time of the collision, accident reports prepared by Brooks on the date of the accident, and the deposition testimony of both the plaintiff and Brooks, all of which demonstrate the absence of any disputed material fact as to liability (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]).

By making a right turn at an intersection diagonally across three lanes of traffic into the far left lane of a four-lane road, which caused the plaintiff's vehicle to collide with the bus she was driving, Brooks was negligent as a matter of law, and her negligence was the sole proximate cause of the accident (*see Green v Mower*, 100 NY2d 529 [2003]; *Ferrara v Castro*, 283 AD2d 392 [2001]; *Packer v Mirasola*, 256 AD2d 394 [1998]).

The fact that the plaintiff's vehicle was in the same lane that the bus veered into does not raise a triable issue of fact as to any comparative fault on the part of the plaintiff (*see Bous v Fahey*, 250 AD2d 638 [1998]). " '[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision' " (*Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010], quoting *Yelder v Walters*, 64 AD3d 762, 764 [2009]).

Accordingly, because the defendants failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing of his entitlement to judgment as a matter of law, the Supreme Court erred in denying the plaintiff's motion for summary judgment on the issue of liability. Dillon, J.P., Chambers, Austin and Duffy, JJ., concur.