ue of the property, but of all the necessary expenses incurred in fixing that value. This would seem to be dictated by sound morals, as well as by the spirit of the Constitution, and it will not be presumed that the Legislature has intended to deprive the owner of property of the full protection which belongs to him as a matter of right."

In the case now before us the statute has provided, in addition to the provisions of the charter, by section 62 of the rapid transit act (Laws 1894, p. 1896, c. 752), that the—

"fees of the commissioners and the salaries and compensation of their employés, and all other necessary expenses in and about the said proceedings provided.for by this act, and such allowance for counsel fees as may be made by order of the court, and all reasonable expenses incurred by said counsel to the corporation, or other principal legal adviser of said counsel designated by him for the proper presentation and defense of the interests of said city before said commissioners and in court, shall be paid by the comptroller or other chief financial officer of said city out of the funds referred to in the last preceding section."

This language, it seems to us, is intended to provide for the case of counsel fees, in harmony with the general principles above enunciated, and we are of the opinion that the court at Special Term was not without power to grant the motions.

The report of the commissioners, together with the order affirming the same, should be reversed, and the case should be sent back to the commissioners to redetermine the matters, under the rules suggested in this opinion, and the orders denying costs and allowances, on the ground of lack of power, should be reversed. All concur.

---

(128 App. Div. 182.)

MAGAGNOS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. October 22, 1908.)

1. MASTER AND SERVANT—INJURIES TO THIRD PERSONS—PUNITIVE DAMAGES.

In an action against a street railroad for an arrest by its employé, plaintiff could not recover punitive damages, unless the employé acted through malice in which defendant shared, and an instruction permitting the award of punitive damages if defendant ratified its employé's act and the jury thought it necessary to add something by way of punishment, was improper.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1273.]

2. DAMAGES—PUNITIVE DAMAGES—GROUNDS—MALICE.

Malice may be proved, so as to justify the award of punitive damages against an employer for the act of his servant, by showing that the tort was committed to gratify some actual grudge or ill will, or that it was committed recklessly or wantonly, without regard to the rights of others.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 193–201.]

3. MASTER AND SERVANT — INJURY TO THIRD PERSON — PUNITIVE DAMAGES—QUESTION FOR JURY.

In an action against an employer for the tort of a servant, whether malice existed, so as to justify the award of punitive damages, is for the jury, and, even if they find malice, the award of punitive damages is discretionary with them.

Hooker, J., dissenting.

Appeal from Trial Term, Kings County.

Action by James K. Magagnos against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

D. A. Marsh, for appellant.

Chase Mellen, for respondent.

GAYNOR, J. An employé of the defendant arrested the plaintiff for shoving passengers as they were entering one of its cars, thereby causing a woman to be thrown down, as he charged. The magistrate discharged the plaintiff, and this is an action for damages for false arrest against the company only. The learned trial judge charged the jury that the case was not one for smart money damages against the company, but being requested by counsel for plaintiff he afterwards charged that if the defendant—

"ratified what had been done by their employé, then you may, if you think it necessary, add something to the compensation by the way of punishment to the defendant for doing wrong."

And farther:

"You are not bound ever to add anything by way of punishment. You only may do it if you think it is wise to do it; if you think that for any public reason it is wise to punish the defendant beyond making it make the plaintiff whole."

This was error. Smart money may only be given for malice. Whether the defendant could be mulcted in smart money depended on whether its employé acted through malice, and not then unless it shared therein. (Cleghorn v. N. Y. C. R., 56 N. Y. 44, 15 Am. Rep. 375; Voltz v. Blackmar, 64 N. Y. 440; Muckle v. Rochester R. Co., 79 Hun, 32, 29 N. Y. Supp. 732; Craven v. Bloomingdale, 171 N. Y. 439, 64 N. E. 169; East v. B. H. R. Co., 115 App. Div. 683, 101 N. Y. Supp. 364); and the jury were not instructed on the head of malice at all. The jury were not at liberty to give smart money unless such malice existed. Malice is proved in such cases by showing that the tort was committed to gratify some actual grudge or ill will, or by showing that it was committed recklessly or wantonly, i. e., without regard to the rights of the plaintiff, or of people in general. It is not enough that a wrong was done; it must have been done maliciously. It is sometimes inadvertently said that smart money may be given for malice, or for recklessness or wantonness, instead of saying that malice may be found from recklessness or wantonness, as well as from grudge or ill will. It is for the jury to say whether malice existed, and it is always discretionary with them whether they shall give smart money damages or not, even though they find malice. Instead of making the giving of smart money depend on whether there was malice, the learned trial judge made it depend only on whether the defendant ratified the false arrest, and whether the jury thought that "for any public reason it is wise to punish the defendant." A

defendant may not be punished by smart money damages on any loose ground, but only for malice.

The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except HOOKER, J., who dissents.