Blanche Soucy et al., Respondents, *v.* Greyhound Corporation, Appellant.

Third Department, January 5, 1967.

*Hesson, Ford & Grogan* (*Thomas A. Ford* of counsel), for appellant.

*Carter & Conboy* (*James S. Carter* of counsel), for respondents.

Reynolds, J. This is an appeal from an order of the Supreme Court, Albany County, granting respondents' motion for leave to file an amended complaint to add a claim for exemplary damages.

Respondents suffered allegedly serious injuries when the appellant's bus in which they were riding as passengers between Albany and New York left the Thruway and rolled over. The bus involved was allegedly an extra vehicle pressed into service when the regularly scheduled bus became filled. In an affidavit of merit accompanying respondents' motion and in the amended complaint it is alleged that the bus was old; that it had travelled some 600,000 miles; that it was equipped with tires which were so worn that the fabric was exposed; that the speed at which the bus was traveling was excessive; that the clutch and gear shift were defective (the bus could not be operated in reverse); and that the bus was not equipped with adequate or proper working windshield wipers (it was raining fairly heavily at the time of the accident). Special Term in granting leave to

amend held that "exemplary damages may be awarded in actions for personal injuries where the negligence is so gross and culpable as to evince utter recklessness" and that on the basis of the respondents' factual allegations if proven a question for the jury would exist as to whether this standard had been established.

We agree with Special Term's assessment of this case. We find no merit in appellant's contention that exemplary damages are not allowable in personal injury actions based on negligence if such negligence amounts to flagrant misconduct. Such has long been the well-established law in this State (e.g., *Craven* v. *Bloomingdale*, 171 N. Y. 439; *Caldwell* v. *New Jersey Steamboat Co.*, 47 N. Y. 282; 14 N. Y. Jur., Damages § 181) and while we find no New York case directly in point, we find no constitutional barriers to the assessment of exemplary damages in civil proceedings. While an award of such damages is concededly punitive, it is in our opinion, in fact, a private remedial remedy rather than a public criminal sanction (see *Helvering* v. *Mitchell*, 303 U. S. 391; *Morris* v. *MacNab*, 25 N. J. 271; 22 Am. Jur. 2d Damages, § 246; see, also, Morris, Punitive Damages in Tort Cases, 44 Harv. L. Rev. 1173, 1195–1198). Moreover, while actual malice is a requisite to the allowance of punitive damages such may be established not only by showing "that the tort was committed to gratify some actual grudge or ill will * * * [but also] by showing that it was committed recklessly or wantonly, i.e., without regard to the rights of the plaintiff, or of people in general." (*Magagnos* v. *Brooklyn Heights R. R. Co.*, 128 App. Div. 182, 183; 14 N. Y. Jur., Damages § 179; see, also, *Smith* v. *Matthews*, 152 N. Y. 152.) Finally appellant urges that since there is no suggestion that it was negligent in hiring the bus driver it is not responsible in exemplary damages for his unratified and unauthorized acts. In this we concur (*Macauley* v. *Theodore B. Starr, Inc.*, 194 App. Div. 643, affd. 233 N. Y. 601), but the allegations of impropriety for which punitive damages are sought are, as Special Term observed, not directed to the bus driver's operation of the vehicle but to the quality of the equipment which appellant had allowed to remain in service. With respect to the maintenance of its equipment appellant's duty of care as a common carrier was the highest (*Barbato* v. *Vollmer*, 273 App. Div. 169, 171) and exemplary damages could thus legally be awarded if otherwise factually warranted (see 14 N. Y. Jur., Damages, § 186).

The order should be affirmed.

Gibson, P. J., Herlihy, Aulisi and Staley, Jr., JJ., concur.

Order affirmed, with costs.