George T. COX, Margaret Cox, George F. Cox, an infant, by his Guardian Ad Litem, George T. Cox, and Margaret E. Cox, an infant, by her Guardian Ad Litem, George T. Cox, Plaintiffs,

and

Frank V. Schmidt, Plaintiff-Appellant,

v.

Henry H. LIVINGSTON, Jr., and Henry H. Livingston, III, Defendants-Appellees.

No. 226, Docket 32683.

United States Court of Appeals Second Circuit.

Argued Dec. 13, 1968.

Decided Feb. 3, 1969.

Harry R. Schwartz, New York City, for appellant.

John F. Scully, New York City (Smith & Formidoni, New York City), for appellees.

Before MOORE, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Plaintiffs George T. Cox, Margaret Cox, Frank V. Schmidt, George F. Cox and Margaret E. Cox commenced a di-

versity action in the United States District Court for the Southern District of New York to recover damages for injuries sustained by them in an automobile accident.

Each of the plaintiffs except George F. Cox and appellant Frank V. Schmidt alleged damages in excess of $10,000. Schmidt moved to amend the complaint to increase from $7,500 to $15,000 the ad damnum clause of the count relating to his cause of action. The district court denied the motion and dismissed that count because of Schmidt's failure to plead the jurisdictional amount. 28 U.S. C. § 1332(a) (1964). We reverse the order of the district court and remand.

■ When, as here, each of several plaintiffs in a single lawsuit is asserting independent rights, each must independently plead the jurisdictional amount. Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817 (1916); Township of River Vale v. Town of Orangetown, 403 F.2d 684 (2d Cir. 1968); Arnold v. Troccoli, 344 F.2d 842, 843 n.1 (2d Cir. 1965).

Appellant sought to correct the deficient allegation of jurisdiction by moving to amend the complaint to increase the sum alleged in the ad damnum from $7,500 to $15,000 stating that in drafting his original complaint he had overlooked the possibility of recovering punitive damages.

■ Section 1653 of the Judicial Code, 28 U.S.C. § 1653 (1964), expressly provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." As this court said in John Birch Soc'y v. NBC, 377 F.2d 194, 198–99 (2d Cir. 1967): "An application under § 1653 is, of course, addressed to the discretion of the court, and *usually the section is to be construed liberally* to permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist." (Emphasis added.) See generally 3 Moore, Federal Practice ¶ 15.09 (2d ed. 1968).

In this case the right to amend should be given a particularly liberal construction since the claim that the district court eliminated is so closely related to the other claims raised in the complaint that a separate trial would exactly duplicate the trial of the other claims.

■ Nonetheless, if the amendment would not cure the defect in the pleadings denial of appellant's motion would be proper. The further issue is, then, whether it is apparent to a legal certainty that plaintiff cannot recover in excess of $10,000. See Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1964); St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, (1938). Plaintiffs have alleged that defendants caused the accident by proceeding at an excessive rate of speed, failing to stop at a stop sign, proceeding the wrong way on a one-way street, and operating their vehicle in a careless and reckless manner. This is a sufficient allegation of "flagrant misconduct," see Soucy v. Greyhound Corp., 27 A.D.2d 112, 276 N.Y.S.2d 173 (3d Dept.1967), to support, if proven, the award of substantial exemplary damages. Under the circumstances, then, it is not apparent to a legal certainty that plaintiff cannot recover in excess of $10,000, see Bell v. Preferred Life Assurance Soc'y, supra, and the defect in pleading jurisdiction has been cured.

Reversed and remanded with instructions to allow the amendment.

MOORE, Circuit Judge (concurring in part and dissenting in part):

I concur in the result but believe that upon a motion to amend the *ad damnum* clause it is not proper for this court to characterize plaintiffs' allegations and particularly to predict what damages, if any, might be justified. The question of damages is for the court or jury. The amount, if any, should be based upon the facts adduced before them upon the trial without a predetermination by us at this stage.