Whitted **MOSLEY**, Plaintiff-Appellant,

v.

**OGDEN MARINE, INC.**, et al.,
Defendants-Appellees.

No. 73–1364
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 6, 1973.

Richard Bounds, Mobile, Ala., Edward P. Turner, Jr., Chatom, Ala., for plaintiff-appellant.

Alex T. Howard, Jr., Mobile, Ala. (Ogden), for defendants-appellees.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Appellant Mosley, a shore-based worker employed by Bagwell-Neal, Inc., to perform spot painting work on the tanks of the SS OGDEN WILLAMETTE, sustained injuries in a fall while he was working aboard the vessel. He sued appellees, the vessel's manager and owner, respectively, asserting two distinct causes of action: first, negligence, and second, unseaworthiness. Appellees moved for summary judgment, basing their motion upon several defensive theories contained in their pleadings. Without articulating reasons for his action, the trial judge granted appellees' motion for summary judgment as to both of appellant's causes of action, and ordered the complaint dismissed.

We have recently oberved that, although trial judges are not required to enter findings of fact and conclusions of law when granting motions for summary judgment, such findings and conclusions are permissible and are often quite helpful to appellate review. Steed v. Central of Georgia Railway Co., 5th Cir. 1973, 477 F.2d 1303. This is especially true when, as here, an appellate court cannot ascertain which of several theories formed the basis for the entry of summary judgment. Accordingly, we vacate the judgment below and

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

remand the case to the trial court for entry of reasons in support of the granting of appellees' motion for summary judgment.

Vacated and remanded.