**Billy L. HANSON, Plaintiff-Appellant,**

v.

**AETNA LIFE & CASUALTY, a Connecticut Corporation doing business in the State of Georgia, Defendant-Appellee.**

No. 78–3661.

United States Court of Appeals,
Fifth Circuit.

Sept. 4, 1980.

---

**23.** Refer to note 15 *supra* and accompanying text.

Gould H. K. Blair, Birmingham, Ala., for plaintiff-appellant.

Kelly, Denney, Pease & Allison, Ray L. Allison, Columbus, Ga., for defendant-appellee.

Before HILL and POLITZ, Circuit Judges, and WILLIAM C. O'KELLEY, District Judge [*].

JAMES C. HILL, Circuit Judge:

Billy L. Hanson sues for benefits allegedly due him under an insurance policy. The dispute concerns whether "sickness" or "accident" caused Hanson's present disability. Aetna, the insurer, notified Hanson of its position ("sickness") in November, 1974. Consistently with that position, Aetna ceased paying benefits in December, 1975. Hanson brought suit in diversity, 28 U.S.C. § 1332(a) (1976), for breach of contract. His complaint was dismissed, Fed.R.Civ.P. 12(b)(1), as putting an insufficient amount in controversy. *Hanson v. Aetna Life & Casualty*, No. 77–75–COL (M.D.Ga., filed Aug. 29, 1977). Hanson responded to this setback, not by refiling his contract claim in an appropriate state court, but by recharacterizing Aetna's actions as tortious, amending his complaint so as to plead exemplary damages in excess of the jurisdictional minimum. *See Cox v. Livingston*, 407 F.2d 392, 393 (2d Cir. 1969). On this second go-round, the district court entered summary judgment against Hanson on the ground that his "tort" claims were time-barred. *Hanson v. Aetna Life & Casualty*, No. 77–164–COL (M.D.Ga., filed June 7, 1978). Hanson appeals.

Hanson asserts that Aetna "negligently" determined that "sickness" caused his disability, and that Aetna's termination of his benefits was "trespassory." We find that we need not decide whether these claims were timely instituted, because they plainly do not constitute legally cognizable forms of action. Fed.R.Civ.P. 2, which provides that "[t]here shall be one form of

[*] District Judge of the Northern District of Georgia, *sitting by designation.*

action to be known as 'civil action,'" does not displace otherwise applicable state rules of decision, merely because those rules refer to the nature of the cause asserted. *See National Discount Corp. v. O'Mell*, 194 F.2d 452, 454–55 (6th Cir. 1952); *Williamson v. Columbia Gas & Electric Corp.*, 110 F.2d 15, 19–20 (3d Cir. 1939), *cert. denied*, 310 U.S. 639, 60 S.Ct. 1087, 84 L.Ed. 1407 (1940). We here apply the law of Georgia, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), under which "[t]he mere breach of an ordinary contract does not constitute a tort; and if there is no liability except that arising out of a breach of a purely contractual duty, the action must be in contract, and an action in tort can not be maintained." *Leonard v. Firemen's Insurance Co.*, 100 Ga.App. 434, 435, 111 S.E.2d 773, 775 (1959), quoting *Manley v. Exposition Cotton Mills*, 47 Ga.App. 496, 170 S.E. 711 (1933). Aetna's allegedly wrongful refusal to pay Hanson "constituted no more than the breach of any other contract obligating a party to pay a sum of money on the happening of a specified contingency," actionable in Georgia only by proceeding ex contractu. *Leonard*, 100 Ga. App. at 436, 111 S.E.2d at 775. *Accord, Tate v. Aetna Casualty & Surety Co.*, 149 Ga.App. 123, 253 S.E.2d 775 (1979). It follows that the district court properly rejected appellant's negligence and trespass claims, but because they fail to state causes of action under Georgia law.

■ On a somewhat different tack, Hanson claims that Aetna is liable for fraud because, it is alleged, "[a]t the time of contracting [Aetna] had no intention of performing in accordance with the promises and representations of said contract." R. 4. This allegation apparently suffices, under Georgia law, to state a cause of action for "inceptive fraud." *E. g., Cowart v. Gay*, 223 Ga. 635, 157 S.E.2d 466 (1967); *Ely v. Stratoflex, Inc.*, 132 Ga.App. 569, 208 S.E.2d 583 (1974). We therefore must reach, as to this claim, the question of limitations.

■ The district court's order granting summary judgment contains no findings of fact, stating only that "all three counts of the Plaintiff's complaint are barred by the applicable statute of limitations." R. 101. Since "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 and 56," Fed.R.Civ.P. 52(a); *see Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 213 & n.5 (5th Cir. 1976), their absence here is not, of itself, fatal. Even so, "the parties are entitled to know the reasons upon which [summary] judgment[s] . . . are based." *Rogers v. General Electric Co.*, 341 F.Supp. 971, 972 (W.D.Ark. 1972), if for no other purpose than to secure meaningful appellate review. *Cf. Carter v. Stanton*, 405 U.S. 669, 671–72, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972) (per curiam). Although our prior admonitions have been precatory in character, *e. g., Farbwerke Hoeschst A. G. v. M/V "Don Nicky"*, 589 F.2d 795, 798 (5th Cir. 1979) (formal Rule 52(a) findings not necessary but "helpful"); *Melancon v. Insurance Company of North America*, 482 F.2d 1057, 1059 n.4 (5th Cir. 1973) (formal Rule 52(a) findings not necessary but "desirable"), we have in practice insisted that district courts record—however informally—their reasons for entering summary judgment, at least where their underlying holdings would otherwise be ambiguous or inascertainable. *See Mosley v. Ogden Marine, Inc.*, 480 F.2d 1226, 1226–227 (5th Cir. 1973) (per curiam); *Montgomery v. Otis Elevator Co.*, 472 F.2d 243, 245–46 (5th Cir. 1973). Such is, we must conclude, the case here.

■ To review the district court's judgment, we would have somehow to divine its assumptions respecting (1) when Hanson's fraud claim accrued; and (2) when the time for asserting it lapsed. We note, for example, that while the parties contracted in 1966, it is possible that the relevant four year limitation period, Ga.Code Ann. § 3–1002 (Harrison 1975), commenced to run much later. *See* Ga.Code Ann. § 3–807 (Harrison 1975). Because, on this record, it is impossible to determine how or why the district court concluded that Hanson's fraud claim was time-barred, we vacate and remand "for entry of reasons in support of the granting of [Aetna's] motion for sum-

mary judgment." *Mosley v. Ogden Marine, Inc.*, 480 F.2d 1226, 1227 (5th Cir. 1973) (per curiam).

AFFIRMED in part; VACATED and REMANDED in part.