IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-30858
Summary Calendar

LIBERTY MUTUAL INSURANCE COMPANY;
LIBERTY MUTUAL FIRE INSURANCE COMPANY;
LIBERTY INSURANCE CORPORATION,

                                        Plaintiffs-Appellants,

versus

JAMES H. BROWN; DOUGLAS D. GREEN;
SHERMAN A. BERNARD, SR.; DUANE COWART;
WAYNE DUCOTE; GAIL N. MCKAY; JIMMY
PATTERSON; EDWARD ROBERSON; CHARLES
KIRSCH, JR.; CHRIS FASER, III; OTHER AS YET
UNDETERMINED INDIVIDUALS, who are members
of the Louisiana Insurance Rating Commission,

                                        .

Appeal from the United States District Court for
the Middle District of Louisiana
(USDC No. 99-CV-927-C)
_____
January 2, 2002

Before REAVLEY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5ᵀᴴ CɪR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R.

In the present appeal, the Court must consider *sua sponte* the issue of its jurisdiction. The Liberty Mutual appellants assert that appellate jurisdiction exists under 28 U.S.C. § 1291. However, it is not clear that the district court intended its order of June 21, 2001 to be a final decision. The order, labeled an "Opinion," states, "[f]or the written reasons to be filed at a later date, it is ordered that the motion to dismiss or alternatively, motion for summary judgment filed on behalf of defendants is hereby granted, and this action will be dismissed." The document does not purport to be a judgment, does not comply with FED. R. CIV. P. 58, which requires a separate order of judgment, and the docket sheet does not reflect entry of judgment. Liberty Mutual filed its Notice of Appeal on July 19, 2001, when no written reasons had been filed. According to Appellants' brief, no reasons have been filed since.

Although the parties may waive Rule 58's requirement that a final judgment be contained in a separate document, Bankers Trust Co. v. Mallis, 435 U.S. 381, 386 (1978), this Court only has jurisdiction to hear this appeal if taken from a final decision of the district court. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).

In the present case, the district court expressly reserved the additional task of providing written reasons for its decision. Although this task is not required by the

47.5.4.

2

summary judgment rules, it cannot be described as ministerial or collateral to the subject matter of the litigation. As this Court has previously stated, "the parties are entitled to know the reasons upon which summary judgments are based, if for no other purpose than to secure meaningful appellate review." Hanson v. Aetna Life & Casualty, 625 F.2d 573, 575 (5th Cir. 1980) (citations and internal quotations omitted). A court may therefore intend to complete its summary judgment decision by articulating the reasons for it. Given the district court's stated intention, we have difficulty concluding that it intended the Opinion to be a final decision.[1]

"Inevitably cases arise in which it is not entirely clear whether finality has been achieved. If there is any doubt as to finality, it is no longer a mere formality to insist that a separate judgment be entered." 15B Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 3915, p. 263 (2d ed. 1992). The appeal is DISMISSED. The district court has the opportunity to issue reasons for its decision and a separate order of judgment in accordance with Rule 58 when its decision is final.

APPEAL DISMISSED.

---

[1] If the district court had entered a final judgment after the notice of appeal was filed, this jurisdictional problem might be solved; the facts would be similar to those in FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269 (1991). In that case, the Supreme Court held that a premature notice of appeal from an order that would have been appealable if immediately followed by a final judgment was saved under FED. R. CIV. P. 4(a)(2). The Court determined that under Rule 4(a)(2), the notice related forward to the date that a final judgment was entered. Id. at 274-75. In the present case, however, the record does not reflect that a final judgment has ever been entered.