IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2008

Charles R. Fulbruge III
Clerk

No. 08-20106
Summary Calendar

THULE DRILLING ASA

Plaintiff - Appellant

v.

JACOB SCHIMBERG

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-3328

Before JOLLY, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Thule Drilling ("Thule") appeals the district court's grant of summary judgment in favor of Jacob Schimberg ("Schimberg"). Because the record before us does not permit meaningful appellate review, we VACATE and REMAND.

Thule, a Norwegian company, brought suit against Schimberg based on business transactions between Thule and QGM Group ("QGM"), a corporation based in the United Arab Emirates. Schimberg served as the CEO of QGM.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thule entered into a contractual relationship with QGM in which QGM was to do repair and construction work on three of Thule's mobile drilling rigs. Thule also entered into a contract with QGM in which it agreed to loan QGM funds so that QGM's work on the rigs could be completed. In its complaint, Thule alleged that QGM breached the contracts that it had with Thule and that, accordingly, Thule was entitled to take possession of the rigs. Thule further alleged that Schimberg was the corporate agent of QGM, that he directly denied it access to its rigs, and that in doing so he committed acts against Thule sounding in the torts of conversion and trespass to chattel, as well as civil theft. See TEX. CIV. PRAC. & REM. CODE § 134.004. Neither QGM nor Thule are located in the United States; personal jurisdiction over Schimberg obtained based on Schimberg's citizenship and ownership of real property in Texas.

In the course of the proceedings below, the district court decided to convert Schimberg's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) into a motion for summary judgment under Rule 56. It then ruled in favor of Schimberg in a brief order issued shortly after a conference in which it had discussed its intent to convert the Rule 12(b)(6) motion. The district court gave no rationale for its ruling. Thule now argues that this decision was improper because the district court did not provide it the notice required by Rule 56 and that, as a result, Thule was unable to present evidence that would have shown the existence of a genuine issue of material fact.

"We review the grant of summary judgment . . . de novo, including the question whether the court provided the notice required by Federal Rule of Civil Procedure 56." Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp., 992 F.2d 1398, 1401 (5th Cir. 1993). Judging from the conference held before the district court, the summary judgment here seems most likely to have been based on the district court's conclusion that Schimberg, as CEO of QGM, never acted except in an agency capacity for the corporation. But this fact does not of itself

provide a rationale for summary judgment. The one-sentence order pronouncing final judgment offers no further guidance.

We note preliminarily that Texas law[1] does permit corporate agents to be liable for their own torts in many instances. In Texas, it is a "longstanding rule that a corporate agent is personally liable for his own fraudulent or tortious acts." Miller v. Keyser, 90 S.W.3d 712, 717 (Tex. 2002); see generally Light v. Wilson, 663 S.W.2d 813, 815 (Tex. 1983) (Spears, J., concurring) (collecting cases). As such, "[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." Leyendecker & Associates v. Wechter, 683 S.W.2d 369, 375 (Tex. 1984). Or, stated another way, "[a]n employee may be held individually liable for an employer's tortious acts if he knowingly participates in the conduct or has knowledge of the tortious conduct, either actual or constructive." Cass v. Stephens, 156 S.W.3d 38, 62 (Tex. App. 2004). "Instigating, aiding, or abetting the wrongdoing constitutes participation. The employee or agent may be held liable regardless of whether he receives any personal benefit from the tortious act." Id. at 62-63. Texas law in this respect is thus reflective of basic principles of agency law. See RESTATEMENT (THIRD) OF AGENCY § 7.01 cmt. b (2005) ("An agent whose conduct is tortious is subject to liability. This is so whether or not the agent acted with actual authority, with apparent authority, or within the scope of employment.").

---

[1] Where, as here, federal jurisdiction is established owing to the diversity of the parties, "federal courts . . . apply state substantive law and federal procedural law." Foradori v. Harris, 523 F.3d 477, 486 (5th Cir. 2008). We also apply the choice of law rules of the forum state. See Hartford Underwriters Ins. Co. v. Foundation Health Servs., Inc., 524 F.3d 588, 593 (5th Cir. 2008). The district court provided no discussion relating to choice of law rules, although all of the activity forming the basis of this suit appears to have occurred in foreign settings. Because both parties based their Rule 12(b)(6) arguments on Texas law, we assume that the district court applied Texas law. We should note, however, that Texas applies the "most significant relationship" test for choice of law determinations, which, given the facts underlying this case, adds to our uncertainty about the basis for the district court's decision. See Hughes Wood Prods., Inc. v. Wagner, 18 S.W.3d 202, 205 (Tex. 2000).

Texas courts have accordingly concluded that suits in tort do not always require piercing the corporate veil. See Kingston v. Helm, 82 S.W.3d 755, 759 (Tex. App. 2002).

The record before us does not permit meaningful appellate review; it leaves us unable to determine on what basis the district court found that the Texas laws related to corporate officer tort liability were not sufficient to make Schimberg liable for his conduct or for the corporate conduct in which he is alleged to have participated. See Hanson v. Aetna Life & Cas., 625 F.2d 573, 575 (5th Cir. 1980); Melancon v. Ins. Co. of North America, 482 F.2d 1057, 1059 n.4 (5th Cir. 1973). Schimberg did submit affidavits indicating that he operated only at the behest of his QGM superiors and that he was never a party to any of the contracts between Thule and QGM. But what role these affidavits—and arguably contrary declarations submitted by Thule—played in the district court's decision, we cannot say. Because we are uncertain about the rationale for the district court's decision, we VACATE and REMAND for entry of reasons in support of the granting of summary judgment, or for such other proceedings that may be appropriate.

VACATED and REMANDED.