# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2022

Lyle W. Cayce
Clerk

No. 21-40235

Marin Lopez; Pedro Bermea; Trinidad Lopez; Arturo Menchaca; Eladio Bermudez; Javier Garcia; Robert Guerra; Luis Carlos Gonzalez; Epigmenio "TJ" Gonzalez; Juan Garcia, Jr.; Julio Eguia; Aaron Garcia,

*Plaintiffs—Appellees*,

*versus*

Eduardo Ramirez; Noe Castillo; Basilio D. Villareal, Jr.; Roel Gonzalez,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CV-33

Before Richman, *Chief Judge*, and Higginbotham and Elrod, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40235

This is an interlocutory appeal from a district court order that summarily denied defendants–appellants' motion to dismiss. We VACATE that order and REMAND for further proceedings consistent with this opinion.

Twelve employees of Rio Grande City Consolidated Independent School District sued the school district and four members of the school board under 42 U.S.C. § 1983, alleging First Amendment retaliation. The Board Members moved to dismiss for failure to state a claim under Rule 12(b)(6) and asserting legislative and qualified immunity. In a minute-entry order without any reasons given, the district court summarily denied the defendants' motion without prejudice to refile as a motion for summary judgment. The individual board-member defendants filed this interlocutory appeal.[1]

When multiple plaintiffs each lodge claims against multiple defendants, the complaint must allege sufficient facts to state plausible claims to relief as to *each* plaintiff's claim against *each* defendant. *See Lynch v. Cannatella*, 810 F.2d 1363, 1377 (5th Cir. 1987) (holding that "*individual* [defendants] are entitled to specific recitals of the wrong *each* is alleged to have perpetrated on *each* plaintiff" (emphases added)). And "to overcome [an] immunity [defense]," a plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged *and* that defeat [the] immunity defense with equal specificity. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (emphasis added).

---

[1] We have jurisdiction over this interlocutory appeal under the collateral order doctrine. *See Carroll v. Ellington*, 800 F.3d 154, 167–68 (5th Cir. 2015); *Keko v. Hingle*, 318 F.3d 639, 642 n.3 (5th Cir. 2003) ("The denial of an immunity defense may be subject to interlocutory appeal.").

No. 21-40235

In this appeal, not only do we not have the benefit of granular plaintiff-by-plaintiff and defendant-by-defendant analysis from the district court; we have no analysis or reasons given at all. When a district court's order or opinion is not sufficiently reasoned for this court to review on appeal, we may vacate and remand for the district court to reassess the issue and offer reasons for its conclusion.[2] We do so here.

In returning this case, we note that among the chief benefits of an immunity defense is "protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe*, 691 F.3d at 648. For this reason, "a defendant's entitlement to . . . immunity should be determined at the earliest possible stage of the litigation." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (ellipses added)).

Because we cannot ascertain the grounds for the district court's decision to allow discovery to proceed notwithstanding defendant–appellant Board Members' immunity defenses, we VACATE and REMAND to allow the district court to reassess Board Members' motion on a plaintiff-by-plaintiff, defendant-by-defendant basis and assign reasons for its subsequent decision.

---

[2] *See, e.g.*, *Liberty Mut. Ins. Co. v. Brown*, 86 F. App'x 718, 719 (5th Cir. 2004) (remanding to the district court "for the limited purpose of permitting that court to state the reasons for its decision," and noting that "[w]hen we have no notion of the basis for a district court's decision because its reasoning is vague or simply left unsaid, there is little opportunity for effective review"); *Thule Drilling ASA v. Schimberg*, 290 F. App'x 745, 747 (5th Cir. 2008) ("Because we are uncertain about the rationale for the district court's decision, we VACATE and REMAND for entry of reasons in support of the granting of summary judgment . . . ."); *Westwego Citizens for Better Gov't v. City of Westwego*, 872 F.2d 1201, 1213 (5th Cir. 1989) (similar); *cf. Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005) ("[W]e are a court of review, not of first view.").