# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2025

Lyle W. Cayce
Clerk

No. 24-20533
Summary Calendar

Ramey, L.L.P., *formerly known as* Ramey & Schwaller, L.L.P.,

*Plaintiff—Appellant*,

*versus*

Scott Bessent, *Secretary, U.S. Department of Treasury*; Kelly Loeffler, *in her Official Capacity as Administrator of* the Small Business Administration; United States Small Business Administration,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3902

---

Before Dennis, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Ramey, L.L.P., filed a lawsuit against the Small Business Administration, Kelly Loeffler, in her official capacity as Administrator of the Small Business Administration, and Scott Bessent, in his official capacity as

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20533

Secretary of the Treasury, regarding the denial of its application for a loan under the Paycheck Protection Program. Defendants moved to dismiss, arguing, inter alia, that the court lacked jurisdiction because there was no applicable waiver of sovereign immunity and Ramey's claims are not redressable, that Ramey's claims are barred by issue preclusion, and that the denial of Ramey's loan was not arbitrary and capricious.

On October 29, 2024, the district court orally dismissed Ramey's claims with prejudice during a hearing. The district court did not state reasons for the dismissal during the hearing. Nor did the district court subsequently enter written reasons. Because Federal Rule of Civil Procedure 12 does not require findings of fact and conclusions of law, the absence of stated reasons is not necessarily fatal. *Hanson v. Aetna Life & Cas.*, 625 F.2d 573, 575 (5th Cir. 1980). But the parties are entitled to know the reasons upon which final judgment was based, if for no other reason than to secure meaningful appellate review. *Id.* We have many times discussed the importance of a discussion by the trial judge. *Myers v. Gulf Oil Corp.*, 731 F.2d 281, 283 (5th Cir. 1984).

This is especially true when, as here, we cannot ascertain which of several theories formed the basis for the entry of final judgment. *Mosley v. Ogden Marine, Inc.*, 480 F.2d 1226, 1226 (5th Cir. 1973). When we have no notion of the basis for a district court's decision because its reasoning is vague or left unsaid, there is little opportunity for effective review. *McIncrow v. Harris Cnty.*, 878 F.2d 835, 836 (5th Cir. 1989). In such cases, we have not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons. *See, e.g.*, *Myers*, 731 F.2d at 284.

Accordingly, this case is REMANDED to the district court for the limited purpose of permitting the court to state the reasons for its dismissal

No. 24-20533

of Plaintiff's claims. The district court is directed to provide written reasons for its decision.[1] We retain jurisdiction over the appeal except for the purposes of this limited remand, and the case shall be returned to this panel.

---

[1] The statement of reasons need be neither formal nor long; it must only be adequate to facilitate our review. *Myers*, 731 F.2d at 282 n.11.